STATE of Iowa, Appellee,

v.

Frank E. CASUSO, Appellant.

No. 59384.

Supreme Court of Iowa.

May 25, 1977.

Jorge Gomez, Jr., of Gomez, Fuerbach & Olvera, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Lee M. Jackwig, Asst. Atty. Gen., Edward N. Wehr, County Atty., and Thomas G. Schebler, Asst. County Atty., for appellee.

Heard by MOORE, C. J., and MASON, RAWLINGS, REES and McCORMICK, JJ.

REES, Justice.

This is an appeal by defendant from judgment of conviction entered after a jury found him guilty of the crime of false drawing of a check in violation of § 713.3, The Code, 1975. Defendant raises as an issue claimed violations of the Interstate Agreement on Detainers, chapter 759A, The Code. He contends the violations consist of the State trying him for sodomy committed after he had been in temporary custody for trial on the present charge. He also claims violation of his due process rights. We perceive no merit in the issues so raised by defendant and affirm.

On December 1, 1975 the defendant was in custody in the Federal Correctional Institution in Texarkana, Texas. The Scott County Attorney's office requested temporary custody of defendant pursuant to Article IV of the Agreement on Detainers Compact, chapter 759A, The Code, 1975. The request for custody specified that the defendant had been charged in the District Court of Scott County with the crime of false drawing of a check and the record indicates that a county attorney's information was filed on January 20, 1976. The defendant was apparently then transported

to Davenport, Iowa and arrived at the Scott County jail on January 26, 1976.

On February 3, 1976 defendant was charged by county attorney's information with the crime of having committed an act of sodomy on or about January 29, 1976 in violation of § 705.1, The Code, 1975. Trial was had to a jury on the sodomy charge on February 17 and 18, resulting in a verdict of guilty, and on March 19, 1976 defendant was sentenced to a term of not more than ten years in the State Penitentiary at Fort Madison to run consecutively to the federal term he was then serving.

On March 22 and 23, 1976 defendant was tried to a jury on the false drawing of a check charge, resulting in a verdict of guilty, and on March 23, 1976 defendant was sentenced to a term of not more than seven years in the penitentiary at Fort Madison to run consecutively to the federal term he was then serving and to the sentence imposed against him on the sodomy conviction.

In his appeal defendant states two issues:

(1) The holding and trying of defendant for an offense not included in the request for temporary custody pursuant to chapter 759A, The Code, 1975 violated and voided the Agreement on Detainers, and

(2) Holding the defendant in violation of the Agreement on Detainers violates due process guaranteed the defendant by the Fifth Amendment to the United States Constitution.

I. In his first issue stated for review, the defendant contends holding and trying him for an offense not included on the request for temporary custody as is required by chapter 759A of the 1975 Code of Iowa violated and voided the Agreement on Detainers.

The defendant relies heavily on the provisions of Article V(d) and Article V(g) of the Agreement on Detainers; that is to say, § 759A.1, The Code.

Article V(d) provides:

"The temporary custody referred to in this agreement shall be only for the purpose of permitting prosecution on the charge or charges contained in one or more untried indictments, informations or complaints which form the basis of the detainer or detainers or for prosecution on any other charge or charges arising out of the same transaction. * * *"

Article V(g) provides:

"For all purposes other than that for which temporary custody as provided in this agreement is exercised, the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending state. * * *"

There seems to be no question that the custody of the defendant was requested by the Scott County authorities of the Texarkana correctional institution in order that defendant could be prosecuted for the crime of false drawing of a check. We do not believe anyone would seriously contend that the sodomy offense committed after his return to Iowa was a "charge * * * arising out of the same transaction."

■ The Agreement on Detainers, chapter 759A, The Code, certainly did not envision or contemplate a factual situation such as is presented in the case before us here. The sodomy act had not even been committed at the time the custody of the defendant was requested in order that he could be prosecuted on the check charge. Defendant argues that the Agreement on Detainers was violated and became void when he was tried on the sodomy charge because it was not referred to in the request for temporary custody, and that therefore the district court of Scott County lost jurisdiction over him. We find no violation of chapter 759A, The Code, under these circumstances. Therefore, we need not decide the merit of defendant's proposition that a violation of chapter 759A would divest this State of jurisdiction.

■ The defendant contends he should have been returned to the sending state and that his custody should have again been requested for the purpose of prosecuting him on the charge of having committed an act of sodomy. Jurisdiction over the defendant in the sodomy case was not defeat-

ed by the manner in which he was brought before the Iowa court from the other jurisdiction. "It has been uniformly held the manner in which a defendant is rendered before the court has no effect upon the court's jurisdiction over him." *Gardels v. Brewer*, 190 N.W.2d 803, 806 (Iowa 1971); *Frisbie v. Collins*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed.2d 541; *Ker v. Illinois*, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421; *People v. Klinger*, 319 Ill. 275, 149 N.E. 799 (1925); 21 Am. Jur.2d, Criminal Law, § 381, p. 401.

There is no merit in defendant's first issue stated for review.

II.  In his second issue stated for review it is contended that holding the defendant in violation of the Agreement on Detainers violates due process rights guaranteed by the Fifth Amendment to the United States Constitution.

We are unable to accept defendant's contention that the Agreement on Detainers was in any manner violated by the State proceeding to prosecute him on the sodomy charge irrespective of the fact that he was not returned to Iowa under the Uniform Agreement on Detainers for the purpose of prosecution for that offense.

Again we note the Agreement on Detainers did not envision a factual situation such as the one involved in the matter before us here.  It is of no moment that the defendant was not returned to Iowa for the purpose of prosecution on a sodomy charge and although the defendant's contention in this regard is novel and innovative it is of no substance.  Once the defendant was brought physically before the court, the court obtained jurisdiction of his person irrespective of the manner of his being presented before the court.  See *Frisbie v. Collins, supra; Ker v. Illinois, supra; People v. Pagan*, 84 Misc.2d 565, 377 N.Y.S.2d 420 (1975); *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54; Wharton's Criminal Procedure, Vol. I, 12th Ed. § 16, p. 53.  See also *Gardels v. Brewer, supra; Herman v. Brewer*, 193 N.W.2d 540, 546 (Iowa 1972).  We find no due process violation.

On the whole record we find no reversible error, and affirm the trial court.

AFFIRMED.