STATE of Iowa, Appellee,

v.

**William Peter LAWLESS, Appellant.**

**No. 60927.**

Supreme Court of Iowa.

May 17, 1978.

Paul T. Shinkle, Cedar Falls, for appellant.

Richard C. Turner, Atty. Gen., David H. Correll, County Atty., and Jay Nardini, Asst. County Atty., for appellee.

Considered by MOORE, C. J., and Le-GRAND, REES, HARRIS and McCORMICK, JJ.

REES, Justice.

Defendant was charged by county attorney's information with the crime of breaking jail and escaping therefrom in violation of § 745.8, The Code, 1977. The informa-

tion was filed May 17, 1977, at which time the defendant was incarcerated in the jail of Montgomery County, Virginia. His incarceration was in no way related to the offense with which he was charged in the information filed May 17.

On July 7, 1977 an order was entered in cause No. 18051 in the District Court of Black Hawk County entitled *"State of Iowa vs. Scott David Tuchman"*. The order was entered ex parte on the application of counsel for Tuchman, and directed the Black Hawk County sheriff to pick up defendant Lawless from the Montgomery County, Virginia, jail, to transport him to Black Hawk County, to hold him in custody to testify in the *Tuchman* case, and to then return him to the Montgomery County, Virginia, jail. Lawless was transported to Black Hawk County pursuant to the order above referred to, but did not testify as Tuchman pleaded guilty to the offense with which he was charged. The bench warrant which had been issued by the Black Hawk County clerk upon the filing of the information charging defendant with breaking jail was then served upon the defendant and he was tried, convicted, sentenced and now appeals. We affirm.

On July 15, 1977 defendant filed his demurrer to the information charging him with breaking jail and escaping therefrom, asserting that both Iowa and Virginia had enacted the Interstate Agreement on Detainers and that the agreement which is codified as chapter 759A, The Code, 1977 was not complied with because the defendant was deprived of his right to contest the legality of his delivery to this state and that § 759A.1, Article V(d), requires the detained party to be held only for the charge set out in the detaining order. He further contended in his demurrer that § 759A.1, Article V(e), requires a defendant to be returned at the earliest practicable time to the sending state after the purposes of his return to the receiving state were completed, and that after the plea of guilty entered by Tuchman, there was no purpose in retaining the defendant in Iowa. Defendant further asserted Article IX of § 759A.1 of the Code, 1977 requires the section to be

liberally construed to effectuate the purposes of the Interstate Agreement on Detainers, and that to prosecute the defendant for the crime of breaking jail and escaping therefrom would not effectuate its purposes since it would deny all defendants in situations similar to Tuchman's the ability to call witnesses, and would not effectuate the purpose of the detainer agreement or serve the ends of justice generally. Defendant then prayed he be returned to Virginia in keeping with the order entered July 7, 1977, which directed his return to Iowa to testify in the *Tuchman* case.

Defendant also raised the same matters in a motion to quash the information, which was resisted by the State, and the matter proceeded to hearing. The trial court overruled both the demurrer and the motion to quash, concluding that our holding in *State v. Casuso*, 253 N.W.2d 919 (Iowa 1977), controlled, and that the manner in which a defendant was rendered before the court in Iowa did not affect the court's jurisdiction over him.

In his appeal, the defendant contends the trial court erred in overruling his demurrer, and that he was denied due process in that there was a lack of compliance with the order directing defendant's return to Iowa to testify in the *Tuchman* case.

I. The return of the defendant to the State of Iowa was pursuant to an ex parte order without notice to the State, and admittedly for the purpose of securing defendant's testimony in a case unrelated to his prosecution here.

While defendant contends *State v. Casuso*, upon which the trial court relied in overruling defendant's demurrer to the information, is factually distinguishable from the matter before us here, we agree with the trial court that our pronouncements in *Casuso* are controlling in this case. Jurisdiction over the defendant in this case was not defeated by the manner in which he was brought before the Iowa court from Virginia since "[i]t has been uniformly held the manner in which a defendant is rendered before the court has no effect upon

the court's jurisdiction over him." *State v. Casuso*, 253 N.W.2d at 920–921 [quoting *Gardels v. Brewer*, 190 N.W.2d 803, 806 (Iowa 1971)].

II. We find no merit in defendant's contention that his demurrer to the county attorney's information should have been sustained. This case is therefore affirmed.

AFFIRMED.