PEOPLE v WEBSTER

Docket No. 69001. Submitted September 7, 1983, at Lansing.—Decided November 8, 1983.

Marcus D. Webster was convicted, on his plea of guilty, of armed robbery, Saginaw Circuit Court, Hazen R. Armstrong, J. Prior to his pleading guilty, the court denied defendant's motion to dismiss for failure to comply with the time limitation of the Interstate Agreement on Detainers. Defendant had been incarcerated in Indiana when he requested disposition of the armed robbery charge. He was returned to Michigan and more than 120 days elapsed before a trial date was set. Defendant appealed. *Held:*

The prosecutor neither alleged nor proved good cause for the delay in bringing defendant to trial. The remedy for violation of the time limitation in the Interstate Agreement on Detainers is dismissal with prejudice.

Reversed.

Prisons and Prisoners — Interstate Agreement on Detainers — Criminal Law.

A defendant who is brought to Michigan to answer criminal charges under the Interstate Agreement on Detainers must be brought to trial within 120 days; the remedy for violation of that time limitation is dismissal with prejudice (MCL 750.601; MSA 4.147[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *James E. Tiderington,* Assistant Prosecuting Attorney, for the people.

*James Edward Jacobs,* for defendant.

References for Points in Headnote
21 Am Jur 2d, Criminal Law § 406.
Validity, construction, and application of Interstate Agreement on Detainers. 98 ALR3d 160.

Before: DANHOF, C.J., and M. J. KELLY and BEAS-LEY, JJ.

PER CURIAM. On August 5, 1982, defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797. He was sentenced to two to five years imprisonment and presently appeals as of right.

The instant offense occurred on January 25, 1980. On October 30, 1980, defendant was incarcerated on felony charges in Indiana. Shortly after his incarceration in Indiana, defendant requested disposition of the Michigan charge pursuant to Article III(a) of the Interstate Agreement on Detainers (IAD), MCL 780.601; MSA 4.147(1). After he was sentenced in Indiana, defendant was returned to Michigan on January 19, 1982. Prior to pleading guilty, defendant filed a motion to dismiss under Article IV(c) of the IAD, which was denied by the trial court.

Both parties agree on appeal that defendant was incarcerated in Michigan for more than 180 days in the period between his return to the state from Indiana and the date set for trial on the instant case. Article IV(c) of the IAD requires that trial "be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state". The prosecution has neither alleged nor shown good cause for the delay in bringing defendant to trial. The remedy for violation of Article IV(c) is set forth in Article IV(e), which provides:

"If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to Article V(e) hereof, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

The trial court here erred by denying defendant's motion to dismiss. Defendant was not tried within the period prescribed by statute and no good cause for the delay was shown. The charges against defendant must be dismissed with prejudice.

Reversed.