## MICHAEL STEWART v. RAYMOND LOPES, COMMISSIONER OF CORRECTION

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 31976
TOLLAND AT ROCKVILLE

Memorandum filed April 29, 1985

*Perry C. Buddington,* for the petitioner.

*Leslie McCallum,* assistant attorney general, for the defendant.

KLINE, J. On October 20, 1976, the petitioner robbed a package store in Enfield. During that same time period the petitioner also committed two felony offenses in Massachusetts. Those acts occurred while the petitioner was an escapee from North Carolina. The petitioner received a sentence in Massachusetts which was to expire sometime in 1983.

In June, 1977, while incarcerated in Massachusetts, he filed for disposition of the robbery charge pending against him in Connecticut. On July 10, 1977, he was transferred to Connecticut pursuant to the Interstate Agreement on Detainers. General Statutes § 54-186. On September 9, 1977, he pleaded guilty, and on October 7, 1977, he was sentenced to a term of not less than four years nor more than eight years to run consecutive to his Massachusetts sentence.

On October 7, 1977, he was committed to the custody of the Connecticut correctional institution,

Somers, by mittimus of the same date.[1] He was processed, and on October 14, 1977, he was transferred back to Massachusetts to complete his sentence there.

On July 8, 1983, he completed his Massachusetts sentence and was transferred back to Connecticut to serve his Connecticut term. He has been properly credited with all pretrial detention time and has no dispute in that regard.

The petitioner claims, however, that he commenced his sentence on October 7, 1977, and that the Connecticut authorities had no right to interrupt that sentence by transferring him back to Massachusetts. He relies on § 53a-38 (a) of the General Statutes which reads that an interdeterminate sentence begins when the prisoner is "received in the custody or institution to which he was sentenced."

The petitioner's claim is that his sentence commenced October 7, 1977, and that the state could not interrupt it. The state's contention is that he was received at the Connecticut correctional institution, Somers, for transportation back to Massachusetts.

A reading of the sentencing transcript and the mittimus indicate that the state's position is the correct one. The colloquy in court and the mittimus both express the fact the petitioner's sentence was to be consecutive to the Massachusetts sentence. Therefore, it could not begin until the Massachusetts sentence had expired. The petitioner was being held under the Interstate Agreement on Detainers and had to be returned to Massachusetts. Transportation had to be arranged with the Massachusetts authorities. Only one week expired between his committal to Connecticut and his return to Massachusetts. That was a reasonable time.

---

[1] The parties agree that the date shown on the mittimus as September 7, 1977, was at best a scrivener's error. The mittimus could not have issued before the petitioner was sentenced.

In order to determine what a prisoner's status is when he is in the state of Connecticut under the provisions of the agreement on detainers, it is necessary to refer to § 54-186 of the General Statutes. A reading of article II of the agreement would indicate that Massachusetts is the sending state and Connecticut is the receiving state in the present case.

Article V, subsection (a) denotes that the sending state delivers temporary custody, and subsection (b) denotes the method of accepting temporary custody by the receiving state.

Subsections (d), (e), (f) and (g) of article V spell out what constitutes temporary custody. Subsection (g) explicitly provides that "the prisoner shall be deemed to remain in the custody of and *subject* to the jurisdiction of the sending state . . . ." (Emphasis added.) It cannot be any clearer that at all times while the petitioner was in the state of Connecticut he remained within the jurisdiction of Massachusetts. He was in Connecticut solely for the purpose of being made available for trial or disposition of the charge pending against him in Connecticut.

Further, article III, subsection (e) of the agreement connotes a waiver of extradition, a consent by a prisoner to have his body delivered to a court of the receiving state, and, further, "a waiver of extradition to the receiving state to serve any sentence there imposed upon him, after completion of his term of imprisonment in the sending state."

If all of these provisions are read together, the petitioner could not possibly have commenced serving his sentence in Connecticut until after he completed his Massachusetts sentence. He was at all times subject to the custody and jurisdiction of Massachusetts and was here only temporarily for the purpose of disposing of the Connecticut information against him, and that was at his request.

By virtue of the wording of the complaint, he had to be returned to Massachusetts and his sentence in Connecticut would not run until he completed his Massachusetts time. Connecticut did not have him in custody or have any jurisdiction over him until his return here in 1983.

The petition for habeas corpus is hereby denied.