536 A.2d 433

**COMMONWEALTH of Pennsylvania**

v.

**Charles COONEY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1987.

Filed Jan. 21, 1988.

4. *Id.* § 401(d)(7).
5. *Id.* § 401(d)(6).

Wieand, J., concurred in result.

Allen C. Welch, Harrisburg, for appellant.

Yvonne A. Okonieski, Deputy District Attorney, Harrisburg, for Com., appellee.

Before WIEAND, TAMILIA and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the judgment of sentence imposed after appellant, Charles Cooney, was convicted in two sepa-

rate trials of robbery and former convict not to own a firearm.[1]

Appellant seeks review of the following issues: (1) whether appellant's due process rights which he alleges exist under the Agreement on Detainers Act, 42 Pa.C.S.A. § 9101 et seq. (Detainers Act) were violated when he was tried on charges other than those for which he was transferred to Pennsylvania; and (2) whether the trial court erred in determining that Pa.R.Cr.P. No. 1100, 42 Pa.C.S.A. rather than the 120 day rule pursuant to Article IV(c) of the Detainers Act, 42 Pa.C.S.A. § 9101 applied to appellant's charges.

Appellant was brought to Pennsylvania from the state of New Jersey under the Detainers Act to face burglary charges lodged against him by the Harrisburg, Pennsylvania police. While in Pennsylvania on those charges, he was charged with two counts of robbery and former convict not to own a firearm by the Lower Paxton Township, Pennsylvania police. Subsequently, the burglary charges under the Detainers Act were dismissed and appellant proceeded to trials by jury on the robbery and firearm charges for which he was convicted. Timely post-trial motions were filed and denied by the court. This appeal followed. For the following reasons, we perceive no merit in the issues raised by appellant and affirm his judgment of sentence.

Appellant claims violation of his due process rights under the Detainers Act as he was tried on charges other than those for which his custody was sought by the Commonwealth. Specifically, appellant asserts that in order to try him on new charges, he should have been returned to New Jersey, the sending state, and his custody again requested for the purpose of prosecuting him on the charges of robbery and convict not to own a firearm. In that way appellant could seek review of his case and possible denial of the request for transfer which he claims is a due process right guaranteed by the Detainers Act. Appellant's issue is

1. The issues raised herein do not apply to appellant's trial for this charge.

one of first impression in our Commonwealth; our research has failed to disclose any cases on point in this jurisdiction or sister states. However, we have reviewed cases from which we can obtain guidance to analyze appellant's assertion.

Article V(d) of the Detainers Act [2] states that prosecution can be had after a transfer pursuant to the Detainers Act only on indictments which existed at the time of the transfer and which were the basis for the detainer which was lodged against the defendant. Here, charges were lodged against appellant subsequent to his transfer on crimes which were committed before he fled Pennsylvania and which were unrelated to those for which he was extradited. As to this situation, the Detainers Act is silent. Appellant urges that since the Detainers Act is remedial and liberally construed in favor of the detainee. *See, Commonwealth v. Merlo*, 242 Pa.Super. 517, 364 A.2d 391 (1976), the Detainers Act should be interpreted by this court as mandating strict interpretation of Article V(d).

Although the Detainers Act is silent on appellant's situation, it is understood that under the Detainers Act the Commonwealth may not seek to bring an accused into Pennsylvania on one charge for the purpose of questioning him on another. However, nothing in the Act precludes the interrogation of someone on unrelated crimes so long as that interrogation is not the basis of his being detained or brought into the receiving state. *See,* 26 Standard Pennsylvania Practice 2d § 132.188; *Commonwealth v. Frison*, 301 Pa.Super. 498, 448 A.2d 18 (1982); 42 Pa.C.S.A. § 9101, Art. V(d).

Both the lower court and the Commonwealth suggest that appellant's situation is akin to that of the appellant in

---

**2.** Article V(d) reads as follows:
The temporary custody referred to in this agreement shall be only for the purpose of permitting prosecution on the charge or charges contained in one or more untried indictments, informations or complaints which form the basis of the detainer or detainers or for prosecution on any other charge or charges arising out of the same transaction ...
42 Pa.C.S.A. § 9101, Art. V(d).

*Frison.* In *Frison*, the appellant averred that because he was extradited only for credit card charges, he could not be questioned about a robbery that was unrelated to those charges. The court opined that:

> We agree that the Commonwealth may not extradite an accused on one charge for the purpose of questioning him on another. Here, however, appellant was extradited, not to be questioned about the Zipkin robbery, but at his own request, to resolve the outstanding credit card charge. Thus, when appellant was questioned about the Zipkin robbery, and then fingerprinted, he was being properly held on the credit card charge. Nothing in the Interstate Agreement on Detainers precludes the interrogation of someone on unrelated crimes so long as that interrogation is not the basis of his being detained or brought into the receiving state.

*Commonwealth v. Frison*, 301 Pa.Super. 498, 510, 448 A.2d 18, 24 (1982).

Likewise, our sister state of Iowa decided an issue analogous to appellant's. There in *State v. Casuso,* Iowa, 253 N.W.2d 919 (1977) the court held that the Iowa authorities did not violate Iowa's Detainers and Extradition Act by obtaining temporary custody of a federal prisoner in order to try him on a false check charge, for which a detainer had been filed against him, and by also trying him for the crime of sodomy, which he allegedly committed while in temporary custody in Iowa.

In *Casuso*, appellant claimed that holding and trying him for an offense not included on the request for temporary custody was a violation of the Act. Appellant relied upon Article V(d) of the Interstate Agreement of Detainers Act to support his argument. In its opinion the court stated:

> There seems to be no question that the custody of the defendant was requested by the Scott County authorities of the Texarkana correctional institution in order that defendant could be prosecuted for the crime of false drawing of a check.... The Agreement on Detainers, chapter 759A, The Code, certainly did not envision or

contemplate a factual situation such as is presented in the case before us here. The sodomy act had not even been committed at the time the custody of the defendant was requested in order that he could be prosecuted on the check charge. Defendant argues that the Agreement on Detainers was violated and became void when he was tried on the sodomy charge because it was not referred to in the request for temporary custody, and that therefore the district court of Scott County lost jurisdiction over him. We find no violation of chapter 759A, The Code, under these circumstances ...

The defendant contends he should have been returned to the sending state and that his custody should have again been requested for the purpose of prosecuting him on the charge of having committed an act of sodomy. Jurisdiction over the defendant in the sodomy case was not defeated by the manner in which he was brought before the Iowa court from the other jurisdiction.

*State v. Casuso,* Iowa, 253 N.W.2d at 920.

From the cited cases it becomes clear that there is no violation of the Detainers Act in bringing a prisoner into the requesting state on indictments charged pursuant to the Act and then either questioning him on unrelated charges or charging him with crimes committed once he is in the requesting state. In the case *sub judice,* appellant was brought into Pennsylvania under the Detainers Act by the Harrisburg police to face a burglary charge and then charged by the Lower Paxton Township police with the separate crimes of robbery and firearms offense which he committed. We do not find the difference between appellant's case and those cited infra to be fatal. We hold that once a prisoner is brought into the Commonwealth according to the dictates of the Detainers Act, the authorities may indict him or her on the commission of crimes unrelated to those for which extradition was sought when the crimes charged were committed in the requesting state prior to the time he or she was returned under the Detainers Act. It

would be an unnecessary burden on the penal system to adopt appellant's argument that the Detainers Act requires the authorities to return a prisoner to the sequestering state so that charges outstanding in the requesting state, other than those for which the prisoner was originally extradited, can be brought against him. *Cf. Frison, supra.*

Appellant next maintains that the time limitation for bringing him to trial is that of 120 days as described in the Article IV(c) of the Detainers Act rather than Rule 1100. Appellant's argument is that since no proceeding could have been commenced without his transfer pursuant to the Detainers Act, he should have been tried within 120 days. We disagree.

■ The Detainers Act provides that if a request for final disposition is initiated by a prisoner, pursuant to the Detainers Act, he is to be brought to trial within 180 days after he causes to be delivered to the prosecuting officer and the appropriate court written notice of the place of his imprisonment and his request for final disposition. Also, the Detainers Act provides that when requests for custody or availability are initiated by the authorities trial must be commenced within 120 days of the arrival of the prisoner in the receiving state. *See,* 42 Pa.C.S.A. § 9101, Art. III(a); Art. IV(c). However, the charges in question here were not those for which appellant was transferred to the Commonwealth but those with which he was charged subsequent to his arrival. Consequently, since the charges brought in this case are separate and apart from any charge under the Detainers Act, it is Rule 1100 which determines the time of trial. Because appellant failed to raise any issues in this appeal under Rule 1100 it is found that his conviction is not hampered by the rule's application.

Accordingly, appellant's judgment of sentence is affirmed.

WIEAND, J., concurs in result.