PEOPLE v MARSHALL

Docket Nos. 98975, 99215. Submitted February 9, 1988, at Grand
    Rapids. Decided July 20, 1988. Leave to appeal applied for.
Frederick Marshall, Jr., was alleged to have committed armed
    robbery and bank robbery in Berrien County on July 12, 1984.
    Marshall was arrested in Milwaukee, Wisconsin, on October 13,
    1984. Extradition proceedings were begun. On February 20,
    1985, Marshall was sentenced in Wisconsin to serve forty-two
    months for a crime he committed there. The Berrien County
    prosecutor then sought custody of Marshall pursuant to the
    Interstate Agreement on Detainers. The prosecutor sent several
    IAD Form v's to Wisconsin seeking custody of Marshall. Mar-
    shall executed an IAD Form II request for disposition of the
    charges on March 11, 1985, and filed petitions for a writ of
    habeas corpus. The requests for custody were dismissed three
    times, the last on the ground that Marshall had not been
    informed of the existence of a July 19, 1985, Form v request as
    required by the IAD. Thereafter Marshall executed a second
    Form II request for disposition and was subsequently trans-
    ported from Wisconsin to Berrien County. An information was
    filed in the Berrien Circuit Court on February 21, 1986, charg-
    ing Marshall with armed robbery, bank robbery and as a third-
    felony offender. Marshall pled not guilty and filed a motion to
    dismiss alleging violation of the IAD. Marshall then agreed to
    plead guilty to armed robbery in exchange for an agreement to
    dismiss the other charges and a recommended ten-year mini-
    mum sentence. The trial court, Zoe S. Burkholz, J., accepted
    the plea and sentenced Marshall to from ten to sixty years
    imprisonment. Marshall was then sent back to Wisconsin to
    continue serving his sentences. Motions by Marshall to with-
    draw his plea and dismiss the charges were thereafter denied
    by Judge Burkholz on March 2, 1987. Marshall appealed
    (Docket No. 99215).
    A complaint and warrant were issued on March 17, 1986, in

REFERENCES

Am Jur 2d, Criminal Law §§ 404 et seq.
Validity, construction, and application of Interstate Agreement on
    Detainers. 98 ALR3d 160.

the Berrien Circuit Court charging Marshall with bank robbery, armed robbery, possession of a firearm during the commission of a felony and, in a supplemental information, with being an habitual offender. The offenses allegedly occurred on April 19, 1984, in Berrien County. Marshall was identified at the preliminary examination by the complaining witness. Marshall's motion to dismiss based on an alleged violation of the IAD was denied by the trial court, Ronald Taylor, J., after the prosecutor explained that there had been insufficient evidence to charge Marshall until after the complaining witness identified him on January 17, 1986. On June 3, 1986, Marshall pled nolo contendere to armed robbery in exchange for dismissal of the other charges and a recommended ten-year minimum sentence. The trial court sentenced Marshall to from 8½ to 50 years imprisonment, the sentence to run consecutive to the sentences already being served. Marshall appealed (Docket No. 98975). The Court of Appeals granted Marshall's motion to consolidate his appeals.

The Court of Appeals *held:*

Docket No. 99215:

1. Marshall complied with the notice requirement of the IAD when he served his disposition request to the Wisconsin prison authorities on March 11, 1985. Marshall was not tried within the 180-day period provided by the IAD. Good cause for the delay was not established. The conviction is vacated and the charges dismissed.

2. Automatic dismissal is not warranted by the fact that the Wisconsin authorities did not give Marshall notice of the July 19, 1985, Form v request as required by the IAD. The failure to inform Marshall, who had been given proper notice on two or three prior occasions, did not cause Marshall any prejudice.

Docket No. 98975:

The trial court had jurisdiction over the charges. The charges were not included in the July 19, 1985, Form v request since there was not probable cause to arrest Marshall on these charges until after the line-up was conducted on January 17, 1986. There was no violation of the IAD. The conviction and sentences are affirmed.

Affirmed in part and reversed in part.

1. CRIMINAL LAW — INTERSTATE AGREEMENT ON DETAINERS.

The Interstate Agreement on Detainers provides that criminal charges by one party state against a prisoner in another party state must be dismissed if he is not brought to trial on those charges in the charging state within 180 days after service of

notice of the prisoner's place of imprisonment and his request for a final disposition of the charges is made on the trial court and prosecutor in the charging state (MCL 780.601; MSA 4.147[1]).

2. CRIMINAL LAW — INTERSTATE AGREEMENT ON DETAINERS.

The Interstate Agreement on Detainers provides that a prisoner, upon being advised that a detainer has been lodged against him in regard to charges by another state, must prepare a written notice of his place of imprisonment and a request that a final disposition of the pending charges be made and give those documents to his warden; the warden must forward the documents along with further details of the prisoner's confinement and an offer to surrender temporary custody to the appropriate officials in the requesting state; the prisoner will not be penalized if the prison officials fail to carry out their duties under the IAD (MCL 780.601; MSA 4.147[1]).

3. CRIMINAL LAW — INTERSTATE AGREEMENT ON DETAINERS.

A violation of the Interstate Agreement on Detainers does not divest a trial court of jurisdiction over the subject matter of the case.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul L. Maloney,* Prosecuting Attorney, and *Daniel M. Levy,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek*), for defendant on appeal.

Before: CYNAR, P.J., and WEAVER and R. M. PAJTAS,* JJ.

PER CURIAM. In lower court file number 86-392-FCZ (Court of Appeals Docket No. 99215), defendant was charged with armed robbery, MCL 750.529; MSA 28.797, and bank robbery, MCL 750.531; MSA 28.799. The offenses were alleged to have occurred on July 12, 1984, at a credit union in Niles, Michigan.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant was arrested in Milwaukee, Wisconsin, on October 13, 1984. On October 17, 1984, the Berrien County Prosecuting Attorney sent a letter to the Milwaukee Police Department, along with copies of the warrant and complaint. The prosecutor sought to place an official detainer on defendant and advise that extradition proceedings would be commenced to bring defendant back to Michigan.

Extradition proceedings began when a governor's warrant was issued on December 17, 1984. On February 20, 1985, defendant was sentenced in Wisconsin to serve forty-two months for a crime he committed there. As a result, on February 22, 1985, the Berrien County prosecutor wrote to Wisconsin officials to recall the extradition warrant, stating that the prosecutor would seek custody of defendant pursuant to the Interstate Agreement on Detainers (IAD), MCL 780.601; MSA 4.147(1).

On February 22, 1985, the prosecutor sent an IAD Form V to Wisconsin, seeking temporary custody of defendant. On that date, defendant was informed of this action by letter from the prosecutor's office. On March 11, 1985, defendant executed an IAD Form II request for disposition of the charges. On March 26, 1985, the prosecutor submitted a new Form V to Wisconsin authorities.

On April 18, 1985, defendant filed a petition for a writ of habeas corpus in Wisconsin, challenging the custody request. On April 30, 1985, and on the motion of the Wisconsin prosecutor, the Michigan request for custody was dismissed for failure to provide defendant with a hearing within thirty days.

Subsequently, on June 4, 1985, the Berrien County prosecutor submitted a new Form V to Wisconsin seeking custody of defendant. On June 21, 1985, defendant sought a writ of habeas corpus,

arguing that the prior dismissal should preclude further attempts to send him to Michigan. The request for custody was dismissed on July 9, 1985, for a lack of evidence demonstrating that defendant was the same person sought on the Michigan warrant.

A fourth Form v was sent to Wisconsin on July 19, 1985. Defendant again sought a habeas corpus writ. On August 19, 1985, by stipulation, the matter was adjourned pending evidentiary hearings.

On November 4, 1985, Judge Thomas W. Wells of Dodge County Circuit Court in Wisconsin issued a decision and order dismissing the July 19, 1985, Form v request. Judge Wells dismissed the Michigan request after finding that defendant was not informed of the existence of the July 19, 1985, Form v as required by Article III(c) of the IAD. The judge also found that the condition of defendant's custody in Wisconsin had been adversely affected since the initial Michigan Form v request of February, 1985. The judge also held that defendant had a remedy at law by seeking a transfer of himself to Michigan.

Defendant executed a second Form II request for disposition on December 4, 1985. On January 3, 1986, defendant was transported from Wisconsin to the Berrien County Jail. An information was filed on February 21, 1986, charging defendant with armed robbery, bank robbery, and as a third-felony offender. Defendant entered not guilty pleas to the charged offenses on February 24, 1986.

A pretrial conference was held on March 3, 1986, before Judge Zoe S. Burkholz. On the judge's pretrial memo, the scheduled trial date was stated as "4/14/86 and before 6/1/86 or case may be dismissed."

Defendant filed a motion to dismiss on June 1,

1986, alleging several violations of Article III of the IAD.

On June 3, 1986, defendant appeared before Judge Burkholz. A plea agreement was reached. In exchange for a guilty plea to armed robbery, the prosecutor agreed to dismiss the other charges, including the habitual offender charge, and to recommend a ten-year minimum sentence. When the judge asked about defendant's motion to dismiss, counsel for defendant stated that the issue could be raised on appeal after a guilty plea and acknowledged the court's jurisdiction for purposes of accepting the plea. Subsequently, on August 4, 1986, defendant was sentenced to a prison term of from ten to sixty years. Defendant was subsequently returned to Wisconsin to continue serving his sentences.

On December 12, 1986, defendant moved to withdraw his plea and to dismiss the charges. The trial court denied defendant's motions in a March 2, 1987, order. Defendant filed the instant appeal.

In lower court file number 86-966-FCT (Court of Appeals Docket No. 98975), defendant was charged with one count of bank robbery, MCL 750.531; MSA 28.799, one count of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was also charged in a supplemental information with being an habitual offender.

The complaint and warrant were issued on March 17, 1986. At the preliminary examination, the complaining witness, Robert Green, identified defendant as the person who robbed the Simplicity Graphic Arts Credit Union on April 19, 1984, in Niles, Michigan. In response to the prosecutor's motion to bind defendant over, defendant, in propria persona, objected and asked for dismissal of

the charges claiming a violation of Article v(d) of the IAD. The court denied defendant's request, stating that the warrant in this case had not been filed prior to defendant's return to Michigan. In response to defendant's motion as to the two-year delay from the date of the offense to his arrest, the prosecutor stated that until March, 1986, there was insufficient evidence upon which to charge defendant with this offense. The charges were brought only after Green identified defendant at a line-up held on January 17, 1986.

On June 3, 1986, defendant appeared before Judge Ronald J. Taylor and entered a plea of nolo contendere to the armed robbery count. In exchange for the plea, the prosecutor agreed to dismiss the remaining two counts, dismiss the habitual offender charge and recommend a minimum sentence of ten years. Judge Taylor sentenced defendant to from 8½ to 50 years imprisonment, the sentence to run consecutive to the sentences already being served. Defendant appealed. On May 12, 1987, this Court granted defendant's motion to consolidate both appeals.

On appeal, defendant argues that the conviction in Docket No. 99215 should be vacated and the charges dismissed for two reasons. First, defendant argues that the failure to bring him to trial within 180 days of his request for disposition of the charges violated Article III(a) of the IAD. Second, he argues that the dismissal of the prosecutor's request for temporary custody due to a violation of Article III(c) entitles defendant to a dismissal of the Michigan charges. We will address each of these claims separately.

Article III(a) of the IAD provides, in relevant part:

Whenever a person has entered upon a term of

imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officers' jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint. [MCL 780.601; MSA 4.147(1).]

Article III provides that charges against the prisoner must be dismissed if he is not brought to trial on those charges within 180 days after service of notice on the trial court and the prosecutor in the other state. Upon being advised that a detainer has been lodged against him, a prisoner must prepare a written notice of his place of imprisonment and a request that a final disposition of the pending charges be made. The prisoner is required to give those documents to his warden. The warden must then forward the documents along with further details of the prisoner's confinement and an offer to surrender temporary custody to the appropriate officials in the other state. A prisoner will not be penalized if the prison officials fail to carry out their duties under the agreement. *Edmond v Dep't of Corrections,* 78 Mich App 196, 201-202; 259 NW2d 423 (1977), app dis 401 Mich 839 (1977); *People v Esposito,* 37 Misc 2d 386; 201 NYS2d 83; 238 NYS2d 460 (1960); *United States v Hutchins,* 489 F Supp 710, 716 (ND Ind, 1980). Failure of the receiving state to try the prisoner within the 180-day period requires dismissal of the untried information or complaint. Article v(c); *Peo-*

*ple v Webster,* 130 Mich App 442, 443; 343 NW2d 589 (1983).

In this case, contrary to the prosecutor's argument that the 180-day period had not been triggered since notice of defendant's first request of March 11, 1985, for final disposition was never served on the Berrien County prosecutor's office, we hold that defendant complied with the notice requirement of Article III(a) when he served his disposition request to the Wisconsin prison authorities. *Edmond, supra.* Defendant was not tried within the 180-day period and the prosecutor did not establish good cause for the delay. Therefore, the conviction in this case is vacated and the charges dismissed.

Defendant's second ground for dismissal of the charges is premised on Article III(c). He alleges that the Wisconsin authorities did not give him notice of the July 19, 1985, Form v request as required by Article III(c). As a result, defendant argues that the instant charges should have been dismissed.

The IAD does not expressly provide for a remedy in cases involving a violation of Article III(c). In *People v Bentley,* 121 Mich App 36, 45-46; 328 NW2d 389 (1982), lv den 417 Mich 877 (1983), this Court held that the burden of the Hawaiian officials' failure to inform the defendant of the filing of a detainer request should fall on the Midland County (Michigan) prosecutor. This Court imposed the dismissal remedy finding that the prosecutor did not make the slightest effort to ensure that the Hawaiian officials notified defendant of the detainer and allowed defendant to remain in the Hawaiian facility for eight months until his release and apprehension by bondsmen. However, the *Bentley* Court specifically imposed the dismissal remedy under those facts. It did not pur-

port to set forth a rule of general applicability. *Id.,* p 46.

In *People v Office,* 126 Mich App 597; 337 NW2d 592 (1983), lv den 418 Mich 883 (1983), the defendant was notified of the detainer filed against him but the provision for his demand for a speedy trial had been crossed off the notification form. The requesting state, Michigan, allowed a significant amount of time to lapse before taking any further action. This Court held that dismissal of the charges was appropriate in that case since the prosecutor took no *formal* action and, thus, prevented defendant from asserting his rights under the IAD. *Id.,* p 603. The *Office* panel imposed the dismissal remedy, relying on *Bentley, supra. Id.,* p 604.

However, in our case, we do not believe that, because defendant was not notified of the July 19 detainer request, automatic dismissal is warranted. The failure to inform defendant, who had been given proper notice on two or three prior occasions, did not cause defendant any prejudice. Our facts are not as egregious as those discussed in *Bentley, supra,* and *Office, supra.*

Defendant also claims that the conviction in Docket No. 98975 should be vacated and the charges dismissed, alleging violation of Article v(d). He alleges that the charges in issue were not contained in the July 19, 1985, detainer since they had not been brought prior to defendant's return to Michigan.

Article v(d) provides:

> The temporary custody referred to in this agreement shall be only for the purpose of permitting prosecution on the charge or charges contained in one or more untried indictments, informations or

complaints which form the basis of the detainer or detainers or for prosecution on any other charge or charges arising out of the same transaction. Except for his attendance at court and while being transported to or from any place at which his presence may be required, the prisoner shall be held in a suitable jail or other facility regularly used for persons awaiting prosecution.

The only Michigan case construing the above article is *People v Browning (On Rehearing),* 108 Mich App 281; 310 NW2d 365 (1981). In *Browning, supra,* p 294, this Court, citing *State v Casuso,* 253 NW2d 919, 921 (Iowa, 1977), held that a violation of this article does not divest the trial court of jurisdiction over the subject matter of the case. Thus, in this case, the trial court had jurisdiction over the instant charges.

Nonetheless, defendant contends that these charges should be dismissed since his arrest was illegal. We disagree. The second charge was not included in the detainer request since there was no probable cause to arrest defendant until after the line-up was conducted. This case is more analogous to *Casuso, supra,* where the prosecutor could not have brought the second charge since, in *Casuso,* that defendant had not yet committed the second offense. Similarly, in our case, although the robbery offense had already taken place, charges could not be filed since there was insufficient evidence. It was only after witness Green identified defendant that the instant charges could be brought. Thus, we find no violation of Article v(d).

In conclusion, defendant's conviction and sentence in Docket No. 99215 are vacated and the charges dismissed. The conviction and sentence in Docket No. 98975 are affirmed.

Affirmed in part and reversed in part.