[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner in this Petition for Writ of Habeas Corpus challenges his conviction for escape from custody in violation of Connecticut General Statutes 53a-171.[1] He claims that because he was in temporary custody at the time pursuant to the provisions of the Interstate Agreement on Detainers (IAD), he was not in the custody of the state of Connecticut within the meaning of Connecticut General Statutes 53a-168(2)[2] which defines custody as used in the Connecticut escape statute.
The essential facts are not in dispute.
On December 30, 1981, a bench warrant was issued by the Connecticut Superior Court, Judicial District of Ansonia-Milford, for the arrest of the petitioner on a charge of failure to appear, 1st degree, in violation of Connecticut General Statutes 53a-172.
On May 20, 1983, the petitioner was sentenced in the State of Oregon to a term of thirty years imprisonment on a charge of burglary, 1st degree.
In June 1983, the State's Attorney for the Judicial District CT Page 9275-L of Ansonia-Milford requested temporary custody of the petitioner from Oregon, pursuant to the IAD, for the purpose of disposing of the Information referenced in the bench warrant of December 30, 1991.
On or about October 11, 1983 the petitioner was placed into temporary custody in Connecticut pursuant to the IAD. On November 16, 1983 the petitioner, along with other prisoners was transported from Whalley Avenue Correctional Center in New Haven to the G.A. 5 courthouse in Milford. Upon arrival at the courthouse, as the sheriff opened the sheriff's van door, the petitioner jumped out of the van and ran away. He was captured soon thereafter.
On December 6, 1983, the petitioner was arrested on a warrant charging him with escape from custody in violation of Connecticut General Statutes 53a-171. He was arraigned that same day, counsel was appointed and the case was continued to January 10, 1984.
On January 10, 1984, the petitioner entered a plea of guilty to a charge of escape from custody in connection with the incident of November 16, 1983 and a presentence report was ordered. CT Page 9275-M
On January 26, 1984 the petitioner was sentenced to a term of ten years on the escape charge to run "consecutive to sentence now serving in Oregon." The original charge of failure to appear for which the petitioner was returned to Connecticut was nolled and on January 28, 1984 the petitioner was returned to Oregon.
On March 15, 1991 the petitioner was paroled from his Oregon sentence and on March 18, 1991 he entered the custody of the state of Connecticut to serve the sentence imposed in January 1984.
 I Does the petitioner's claim implicate subject matter jurisdiction?
The petitioner claims he is not precluded from bringing this action by the "Cause and Prejudice" standard adopted as the law in Connecticut in Johnson v. Commissioner of Corrections, 218 Conn. 403
(1991). Since the petitioner pleaded guilty that constitutes CT Page 9275-N a waiver of all non-jurisdictional defects, absent an appeal. On the other hand the question of subject matter jurisdiction can be raised at any time and is not waivable. Reedy v. Reincke, 155 Conn. 591
(1967); Vincenzo v. Warden, 26 Conn. App. 34, 39 (1992). By claiming that, under the law and circumstances of this case, he could not be charged with the crime of escape in Connecticut, the petitioner raises a jurisdictional issue and is not barred from seeking relief by Johnson v. Commissioner, supra.
 II Was the petitioner in the custody of the State of Connecticut for purposes of prosecution under Connecticut General Statutes 53a-171.
The IAD is codified in Connecticut General Statutes 54-186. That statute provides for the temporary custody of a prisoner between states for the purpose of speedy and efficient prosecution of untried criminal charges.
Article V(d) of the IAD provides as follows: CT Page 9275-O
 The temporary custody referred to in this agreement shall be only for the purpose of permitting prosecution on the charge or charges contained in one or more untried indictments, informations or complaints which form the basis of the detainer or detainers or for prosecuting on any other charge or charges arising out of the same transaction.
The petitioner acknowledges that it would not be a violation of the IAD if Connecticut tried him for a crime he committed in Connecticut while in temporary custody here, as long as a jurisdictional nexus is established in Connecticut. For example, an assault on a corrections officer or a robbery, or a sexual assault on another prisoner could, he concedes, be prosecuted in this state because they are crimes against a person or property within the state of Connecticut. See People v. Marshall,170 Mich. App. 269, 428 N.W.2d 39 (1988) and State v. Caruso,253 N.W.2d 919 (Iowa 1977). He argues that escape from custody should be treated differently because it is a crime, not against person or property, but against the sovereign with legal custody of the CT Page 9275-P prisoner. Relying on the language of Article V(g) of the IAD he posits that he was not in the custody of Connecticut, but of Oregon, that Oregon is the sovereign which was violated by the escape, and that Connecticut cannot prosecute a crime committed against another jurisdiction. See Cohens v. Virginia, 19 U.S. (6 wheat.) 264, 428.
Article V(g) states that:
 For all purposes other than that for which temporary custody as provided in this agreement is exercised, the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending state and any escape from temporary custody may be dealt with in the same manner as an escape from the original place of imprisonment or in any other manner permitted by law.
The Court does not interpret the language of Article V(d) as prohibiting the state of Connecticut from prosecuting this offense. The petitioner was in the custody of Connecticut. The fact that it was temporary does not alter the fact of custody. He violated CT Page 9275-Q Connecticut General Statutes 53a-171 by escaping. It was lawful (permitted by law) for Connecticut to prosecute one who escapes from custody. Article V(d) uses the permissive "may be dealt with," not the mandatory "shall be dealt with." There is nothing in the language of the statute which would require Connecticut to enact specific legislation enabling it to prosecute IAD transferees. While two states — Kansas and Massachusetts — have apparently done so, this Court does not interpret Article V(d) as mandating it be done in order to prosecute the offense of escape. The authority is present in the statutes as they exist.
The case of Stewart v. Lopes, 40 Conn. Sup. 354, (1985), did not deal with a crime occurring while the transferee was in Connecticut pursuant to the IAD. It is unrelated and inapposite to the issues raised in this petition.
For the foregoing reasons, the petition is dismissed.
Klaczak, J.