[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a petition for the issuance of habeas corpus relief to rectify a purported miscalculation by the respondent of presentence good conduct credit that the petitioner accrued by virtue of his incarceration. He claims that the Department of Corrections ("DOC") improperly ordered prospective forfeiture of presentence confinement good conduct credit for misconduct while in pretrial CT Page 3256 confinement.
Additionally, the petitioner seeks to have his two Connecticut sentences run concurrently with his New York sentence because of Connecticut's alleged violation of the Interstate Agreement on Detainers ("IAD"), despite the sentencing court's order that said sentences run consecutively.
The factual history of the case is undisputed. Mr. Johnson was arrested on February 20, 1981, for the crimes of Robbery in the First Degree, Burglary in the First Degree, Larceny in the Second Degree and Theft of a Firearm. The case was assigned Docket No. 28390. The petitioner was held in lieu of bond until September 23, 1981, when he escaped from the Community Correctional Center in Bridgeport.
Subsequently, while in New York, Mr. Johnson was arrested, prosecuted, convicted and, on April 23, 1983, sentenced to an effective term of imprisonment of not less than eight years nor more than sixteen years for the crimes of Manslaughter in the First Degree and Criminal Possession of a Weapon in the Third Degree.
On August 23, 1983, pursuant to Article IV of the IAD, General Statutes § 54-186 et seq., the petitioner was extradited from New York to the temporary custody of the DOC to be tried in Connecticut for Escape in the First Degree and other charges. The case was assigned Docket No. 30186.
Between August 23, 1983 and September 9, 1983, Mr. Johnson was held at the Community Correctional Center, Bridgeport, on both Docket Nos. 28390 and 30186. On September 9, 1983, Mr. Johnson was transferred to Somers Correctional Institution, Somers.
On October 6, 1983, the petitioner received a disciplinary report while confined as a presentence detainee at Somers. On October 11, 1983, the petitioner pled guilty to the ticket and the disciplinary committee recommended that he forfeit thirty days of presentence good conduct credit. On October 26, 1983, the Commissioner reviewed the disciplinary report and authorized the thirty day forfeiture; it was later reduced to twenty-six days.
On November 9, 1983, the petitioner was sentenced in Docket Nos. 28390 and 30186, said sentences to run concurrently with each other, but consecutively to the New York sentence. In Docket No. 28390, the total effective sentence is not less than three and one-half CT Page 3257 years nor more than seven years. In Docket No. 30186, the total effective sentence is seven years. Following sentencing, Mr. Johnson remained in temporary custody at Somers to await his return to New York.
On November 17, 1983, the State's Attorney for the Judicial District of Fairfield issued the Prosecutor's Report on Disposition of Charges, pursuant to IAD, advising the New York authorities of the disposition in Docket Nos. 28390 and 30186.
On November 19, 1983, the petitioner made a written request to be returned to New York. On November 21, 1983, the Fairfield State's Attorney's Office notified the Warden at Somers, in writing, of the arrangements to return Mr. Johnson to New York. On November 22, 1983, the petitioner was returned to New York.
On January 6, 1993, having served his New York sentence, Mr. Johnson was released from confinement there and returned to the custody of the Connecticut DOC. At the time of his return to Connecticut, the respondent credited the petitioner's sentences in Docket Nos. 28390 and 30186 with seventy-eight days presentence confinement credit, and twenty-six days of presentence confinement good conduct credit, for the period August 23, 1983 to November 9, 1983. Then, as a result of the petitioner's misconduct on October 6, 1983, the respondent deducted twenty-six days of forfeited presentence good conduct credit.
The petitioner first complains that on October 26, 1983, the day his disciplinary ticket was authorized, he had earned only twenty-one days of presentence good conduct credit for the sixty-four days he was a presentence detainee, from August 23, 1983 to October 26, 1983. Mr. Johnson's time sheet states that twenty-six days of presentence good conduct credit were forfeited, an amount that was obtained from the petitioner's total presentence confinement of seventy-eight days, from August 23, 1983 to November 9, 1983. Consequently, Mr. Johnson asserts, five days of presentence good conduct credit were prospectively forfeited, contrary to Nichols v. Warden, 209 Conn. 191 (1988).
The respondent argues that Nichols is limited to a construction of the statutory language in General Statutes § 18-7a(c), with respect to sentence good conduct credit, and has no application to General Statutes § 18-98d, which provides presentence
confinement credit and presentence confinement good conduct credit CT Page 3258
In Nichols, a sentenced inmate committed certain acts of misconduct for which he received disciplinary tickets. DOC sought the forfeiture of the prisoner's future good time credit by taking away more good time credit than the prisoner had earned at the time of the misconduct. Our Supreme Court held that prospective forfeiture of unearned good time credit is not permitted under General Statutes § 18-7a. Nichols v. Warden, supra, 209 Conn. 204. Justice Healey reasoned, that under the plain language of the statute, good time credit is not forfeitable until it is earned; the legislature did not intend to permit prospective forfeiture. Id. at 201-202.
The petitioner urges this court to expand the Nichols' holding and apply it to all good conduct credit for both sentenced and presentenced prisoners. Mr. Johnson argues that General Statutes § 18-7a is analogous to General Statutes § 18-98d(b). The respondent concedes, and this court agrees, that the petitioner has presented articulate and well reasoned arguments why presentence confinement good conduct credit ought to be accrued and forfeited in the same manner as sentence good conduct credit. This court further agrees with the respondent, that Mr. Johnson should direct his contention to the General Assembly. As Justice Healey stated, "[w]e must be guided by the clear language of the statute and not by our determination of what the legislature should have done." Id. at 204 (citations omitted).
Section 18-98d(b) is less specific than § 18-7a regarding how good conduct credits accumulate, and it is silent as to forfeiture. Section 18-98d(b) states in relevant part as follows:
 "(b) In addition to any reduction allowed under subsection (a), if such person obeys the rules of the facility he may receive a good conduct reduction of any portion of a. . . sentence not suspended at the rate of ten days . . . for each thirty days of presentence confinement; provided any day spent in presentence confinement by a person who has more than one information pending against him may not be counted more than once in computing a good conduct reduction under this subsection."
The respondent's interpretation of § 18-98d(b) is consistent with the plain language of the statute. Presentence confinement CT Page 3259 credits and presentence confinement good conduct credits cannot be calculated or applied to a sentence until a prisoner is sentenced and committed to the custody of the Commissioner of Corrections. Not until a prisoner begins serving his/her sentence can it be known how much presentence confinement credit and good conduct credit is applicable. Section 18-98d(b) presentence confinement good conduct credit is not earned as presentence confinement is served, like § 18-7a good conduct credit is earned, month to month. Rather, the presentence confinement good conduct credit, adjusted by any forfeitures, is calculated and posted to the sentence when the prisoner begins his/her sentence.
In this case, Mr. Johnson was held in presentence confinement from August 23, 1983 to November 9, 1983, a total of seventy-eight days. During this period, he earned twenty-six days of presentence confinement good conduct credit, calculated at twenty days for the first sixty days of presentence confinement and, on a pro rata basis, one day for every three additional days of presentence confinement. On January 6, 1993, when Mr. Johnson returned from New York to begin serving his Connecticut sentences, his presentence confinement credit and presentence confinement good time credit was calculated, adjusted and posted to his sentences. As a result of his misconduct on October 6, 1989, the petitioner's twenty-six days of presentence confinement good time credit was forfeited.
As noted, the court is impressed with the petitioner's presentation and arguments. Nonetheless, the respondent's equally well prepared position is adopted. In interpreting statutes courts presume that the legislature is aware of existing statutes and the accepted interpretation of those statutes by our courts. State v.Dabkowski, 199 Conn. 193, 201 (1986). This court presumes that the General Assembly is aware of the Nichols' case and the differences between General Statutes §§ 18-7a and 18-98d(b). If the legislature intended what the petitioner urges, it would have so said; it is insufficient to allege it should have so said.
The petitioner's next complaint is far easier to resolve for it lacks any merit. Mr. Johnson claims that because he was not returned to the New York DOC as soon as practicable, his Connecticut sentence was effectively made concurrent with his New York sentence, despite the sentencing court's order making the sentences consecutive.
Mr. Johnson was sentenced in Connecticut on November 9, 1983, CT Page 3260 and was returned to New York on November 23, 1983, thirteen days following sentencing. On November 19, 1983, Mr. Johnson requested to be returned to New York. Specifically, the petitioner claims that thirteen days to return him to New York was unreasonable and violates the IAD provisions.
General Statutes § 54-186, Article V(e) provides: "At the earliest practicable time consonant with the purposes of this agreement, the prisoner shall be returned to the sending state."
In Stewart v. Lopes, 40 Conn. Sup. 354 (1985), a similar complaint was raised by a Massachusetts prisoner delivered to Connecticut pursuant to the IAD. Mr. Johnson's attempt to distinguish Stewart is unpersuasive. In Stewart, Judge Kline stated: "Only one week expired between his committal to Connecticut and his return to Massachusetts. That was a reasonable time." Id. at 356.
In this case, only thirteen days expired between the petitioner's sentencing in Connecticut and his return to New York. That is a reasonable time, in this court's judgment.
For all of the reasons stated above, the petition is dismissed.
Martin, J.